Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1881 | DATE | November 18, 2002 |
| CASE TITLE | | Mei v. Ashcroft | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for Writ of *Habeas Corpus* (Doc. #1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial [set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court holds that 8 U.S.C. § 1226(c) is unconstitutional as applied to Petitioner, but that the petition for a writ of *habeas corpus* should be DENIED because Petitioner has already received the relief he has requested. All other pending motions are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

courtroom deputy's initials: JHC

NOV 21 2002 date docketed

02 NOV 20 PM 6:16
U.S. DISTRICT COURT CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEI CONG MEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 1881 |
| ) | |
| JOHN ASHCROFT, U.S. Attorney General, ) | Judge William J. Hibbler |
| and BRIAN R. PERRYMAN, District Director ) | |
| Immigration and Naturalization Service ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

I. INTRODUCTION

Petitioner Wei Cong Mei has filed this action against Respondents John Ashcroft, the Attorney General of the United States, and Brian Perryman, District Director of the Immigration and Naturalization Service ("INS"). Petitioner is in custody of the INS, and claims that the denial of an individualized bond hearing, pending his appeal, violates his substantive and procedural due process rights. Mei seeks a writ of *habeas corpus* compelling the government to provide him with an individualized bond hearing. The government moves to dismiss the petition for lack of subject matter jurisdiction and failure to state claim upon which relief can be granted. Although the Court finds that Mei has stated a claim upon which relief can be granted and over which this Court has jurisdiction, the Court DENIES his petition for relief because it also finds that Mei has already received the process for which he asks.

1

## II. STANDARD OF REVIEW

A plaintiff fails to state a claim upon which the relief may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Leahy v. Board of Trs. of Cmty. Coll. Dist. No. 508*, 912 F.2d 917. 921 (7th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In analyzing the sufficiency of Plaintiff's complaint, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of Plaintiffs. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991); *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). This Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claims or assign any weight to unsupported conclusions of law." *R.J.R. Servs., Inc. v. Aetna Casualty and Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989); *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

## III. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China, but has lived as a lawful permanent resident in the United States since July 27, 1995. Petitioner's nuclear family are residents of Chicago, Illinois, and include the Petitioner's paternal grandmother and Petitioner's mother who, are both United States citizens, and Petitioner's father and brother who are legal permanent residents, like Petitioner.

On April 17, 1998, Petitioner was convicted in Illinois for Unlawful Possession of a motor vehicle, in violation of 625 ILCS 5/4-103(a)(1) and sentenced to probation. On January 2, 2000, Petitioner was convicted again in Illinois for Aggravated Fleeing, in

violation of 625 ILCS 5/11-204.1(a)(1), and was sentenced to one year imprisonment with work release and an additional 30 months of probation to run until October 2, 2003. While Petitioner was serving his one year prison sentence the INS, took him into its custody and issued a Notice to Appear, contending that he was removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A).

The INS has since detained the Petitioner without bond. In November 2001, the Petitioner requested a redetermination of his custody by an Immigration Court. The Immigration Court obliged and held a bond hearing on November 7, 2001. In ruling on Petitioner's request to be released on bond, the Immigration Judge states:

> Even if the mandatory custody rules did not preclude the respondent's [Mei's] release, the Court would deny release on bond as a matter of discretion. An alien may only be released on bond if sufficient conditions may be imposed that will ensure his appearance at the hearing and protect the community. Factors that are considered in a bond case include employment history, length of residence in the community, family ties, record of nonappearance, immigration history and violations, criminal violations, and eligibility for relief. In addition, there is a presumption against the release from custody of an alien convicted of an aggravated felony unless the alien demonstrates that he is not a threat to the community and is likely to appear for future proceedings. [T]he risk that respondent will fail to appear at future proceedings is profound...The respondent also has demonstrated that he would evade authority...[T]he respondent willfully refused to bring his vehicle to a stop even after a law enforcement officer turned on his siren and activated his mars lights. Since prolonging his stay in the United States will not increase his prospects for relief, it appears probable that the respondent would abscond rather than face removal. Second, the respondent is a threat to the safety of the community. The respondent ignored the warnings of a police officer and drove 105 miles an hour (50 miles over the speed limit) potentially endangering lives of innocent people....The Court does not find [respondent's] residence or family ties to be significant in view of the fact that the respondent has been involved in criminal activity shortly after immigrating to the United States and has two convictions since his entry... The court finds that the respondent is a danger to the community and a poor bond risk.

Memorandum in Support of Petition For Writ of *Habeas Corpus*, Exhibit A.

A final immigration hearing was held on January 9, 2002, to determine the merits of Petitioner's removability. At that hearing, Petitioner contested his removability, and argued that his Illinois conviction for aggravated fleeing should not be classified as an aggravated felony and also seeking asylum. The Immigration Judge denied all of Petitioner's applications for relief and ordered that Petitioner be removed from the United States to the People's Republic of China. Petitioner appealed both the decision denying him release on bond and the decision ordering him removed from the United States to the Board of Immigration Appeals ("Board"). On May 8, 2002, the Board issued its decision in Petitioner's appeal in support of the Immigration Judge's denial to him of release on bond, addressing only whether Petitioner was subject to the mandatory detention provisions of § 1226(c).

Petitioner filed this petition for *habeas corpus* on March 13, 2002, arguing that 8 U.S.C. § 1226(c) is unconstitutional as applied to him because it violates both his substantive and procedural due process rights. Petitioner also argues that the Immigration Judge erred in concluding that his Illinois conviction for aggravated fleeing constituted a crime of moral turpitude or violence as defined by 8 U.S.C. § 1182(a)(2)(A)(i). As relief, the petitioner seeks that this court order the INS to provide him with a bond hearing, enjoin the INS from continuing to detain the petitioner unless it provides him with a bond hearing, and order the petitioner released from custody. The respondents move to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## IV. ANALYSIS

The substantive due process clause prevents the government from engaging in conduct that "'shocks the conscience'" or interferes with rights "'implicit in the concept of ordered liberty.'" *Vang v. Ashcroft*, 149 F. Supp.2d 1027, 1034-5 (N.D.Ill. 2001) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952) and *Palko v. Connecticut*, 302 U.S. 319, 325-26 (1937)). "[T]he government may not infringe a person's fundamental liberty interests, regardless of the process provided, unless it narrowly tailors the infringement to serve a compelling state interest." *Id.* at 1035 (citing *U.S. v. Salerno*, 481 U.S. 739, 748 (1987)). Whether an immigration statute is narrowly tailored to serve a compelling interest is determined by assessing whether: (1) the infringement on liberty is an improper punishment or allowable regulation; and (2) it is excessive in relation to the goal Congress seeks to achieve. *Id.* at 1037.

"Procedural due process requires that government action which deprives a person of life, liberty or property be implemented in a fair manner." *Id.* at 1038 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). A court should weigh three factors in evaluating whether the challenged process is constitutional:" (1) the private interest affected by the official actions; (2) the risk of an erroneous deprivation of the interest and the value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens the additional or substitute procedural requirements would impose." *Id.*

Section 1226(c) is a mandatory pre-removal detention provision directed at criminal aliens. *Hoang v. Comfort*, 282 F.3d 1247, 1252 (10th Cir. 2002), *petition for cert. filed*, 70 U.S.L.W. 3698 (U.S. May 3, 2002) (No. 01-1616). Section 1226(c)(1) states that "[t]he Attorney General shall take into custody any alien who is deportable" under §§ 1227(a)(2)(A)(i) & (ii) & (iii), which state that aliens are deportable based on conviction of certain crimes, including convictions for crimes involving moral turpitude or aggravated felonies. *See* 8 U.S.C. §§ 1225(c) & 1227(a)(2)(A)(i),(ii) & (iii). Release of an alien detained under § 1226(c)(1) is allowed only if necessary under the witness protection program. *See* 8 U.S.C. § 1226(c) (2).

This Court has jurisdiction under 42 U.S.C. § 2241 over challenges to the constitutionality of the statute. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see also INS v. St. Cyr*, 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The Seventh Circuit was the first Court of Appeals to consider the constitutionality of detention without the possibility of bond under § 1226(c). In *Parra v. Perryman*, 172 F.3d 954 (7th Cir.1999), the court held that § 1226(c) was constitutional as applied to an alien who conceded that he was removable because of his criminal conviction. The court stated that:

> Persons subject to § 1226(c) have forfeited any legal entitlement to remain in the United States and have little hope of clemency.... Before the IIRIRA bail was available to persons in Parra's position as a corollary to the possibility of discretionary relief from deportation; now that this possibility is so remote, so too is any reason for release pending removal. Parra's legal right to remain in the United States has come to an end. An alien in Parra's position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately. He has the keys in his pocket. A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the

ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs.

*Parra*, 172 F.3d at 958.

Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Seventh Circuit concluded that:

> [t]he private interest here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land; the probability of error is zero when the alien concedes all elements that require removal (as *Parra* has done); and the public interest is substantial given the high flight rate of those released on bail.

*Parra*, 172 F.3d at 958.

Every Court of Appeals to consider the question since *Parra* has disagreed with its reasoning. *See Welch v. Ashcroft*, 293 F.3d 213, 224-25 (4th Cir.2002) (holding that § 1226(c) is facially valid but unconstitutional as applied to lawful permanent resident alien against whom no removal order was pending and who was eligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)); *Hoang*, 282 F.3d at 1255-56 (holding that § 1226(c) is unconstitutional as applied to lawful permanent resident aliens); *Kim v. Ziglar*, 276 F.3d 523, 537 (9th Cir. 2002), *cert. granted, Demore v. Hyung Joon Kim*, — U.S. —-, 122 S.Ct. 2696, 153 L.Ed.2d 833 (U.S. June 28, 2002) (No. 01-1491) (holding that § 1226(c) is facially constitutional but invalid as applied to lawful permanent resident alien who raised potential defenses to removal); *Patel v. Zemski*, 275 F.3d 299, 313 (3d Cir.2001) (holding that § 1226(c) is unconstitutional as applied to lawful permanent resident alien convicted of non-violent crime with strong ties to community).

Although this Court is bound to follow the precedent set forth by the Seventh Circuit, the Court finds that *Parra* is distinguishable. Each of the cases from other circuits relied on an intervening decision of the Supreme Court to explain its departure from the Seventh Circuit's approach in *Parra*. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered whether indefinite imprisonment of aliens subject to a final order of removal but whose native country would not accept them was constitutional. The Court avoided explicitly reaching the constitutional question by reading a presumptive six-month limitation into 8 U.S.C. § 1231(a)(6). *Id.* at 696-701. Nonetheless, the Court noted that the government's justification of preventing flight and protecting the community did not justify unlimited detention. *Id.* at 690-93. The Court distinguished aliens seeking entry from resident aliens and concluded that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

The *Zadvydas* Court also rejected the government's argument that aliens' liberty interest is diminished by "their lack of a legal right to 'live at large in this country,'" stating that "[t]he choice, however, is not between imprisonment and the alien 'living at large.' It is between imprisonment and supervision under release conditions that may not be violated." *Id.* at 696. The Court stated that "an alien's liberty interest is, at the least, strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent." *Id.* The Courts of Appeals that have ruled on this issue relied on this language to distinguish the

Seventh Circuit's holding that "[t]he private interest here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land." *Parra*, 172 F.3d at 958.

The Seventh Circuit has not yet considered the impact of *Zadvydas* on *Parra*. But as noted above, *Parra* is distinguishable from the instant case. The facts that the petitioner in *Parra* conceded removability and "d[id] not even hint at a substantive argument that he is entitled to remain in the United States" and that he had "little hope of clemency" were central to the Seventh Circuit's conclusion that an individualized bail hearing was not necessary to comport with due process. 172 F.3d at 956, 958.

Several courts in this district have distinguished *Parra* in cases where the petitioner has a good faith basis for contesting removability. *See Gill v. Ashcroft*, No. 01 C 9879, 2002 WL 1163729, at *6 (N.D.Ill. May 31, 2002) (finding § 1226(c) invalid as applied to legal permanent resident who contests his removability in good faith); *Vang v. Ashcroft*, 149 F.Supp.2d 1027, 1036 (N.D.Ill.2001); *see also Yanez v.. Holder*, 149 F.Supp.2d 485, 492-94 (N.D.Ill.2001) (distinguishing *Parra* and holding that it does not bar review of constitutional claim by petitioners who had good faith defenses to removal, but holding that § 1226(c) was constitutional as applied to petitioners because of slight chance of success). One court has rejected this distinction, stating that "[a]llowing a petitioner ... to baldly deny his status as an aggravated felon and his removability would render the *Parra* decision a meaningless academic hypothetical." *Kahn v. Perryman*, No. 00 C 3398, 2000 WL 1053962, at *1 (N.D.Ill. July 31, 2000). However, in that case, the court held that the petitioner's basis for denying

9

removal was "completely without merit," and that, like the petitioner in *Parra*, Kahn was only "postponing the inevitable." *Id.* at *2.

Here, like the petitioner in *Parra*, Wei Cong Mei admits his status as an alien and admits that he was convicted of aggravated fleeing. However, he denies that he is removable. As a legal permanent resident, Wei Cong Mei has a right to remain in the United States until a final order of removal is issued. 8 C.F.R. § 1.1(p), and he may be entitled to discretionary relief from removal under *St. Cyr*. Thus, the Court rules that § 1226(c)'s mandatory detention rule, which does not provide for Petitioner's release on bond, is unconstitutional as applied to Petitioner.

The Court's ruling regarding the constitutionality of § 1226(c), however, does not mean that Mei's petition should be granted. In this case, Petitioner *already received* an individualized bond hearing on November 7, 2001, when he requested that the Immigration Judge reconsider his custody status and release him on bond. Although the Immigration Judge ruled that the Petitioner could not be released because of the mandatory custody rules, the judge also looked at whether he would release the Petitioner if the mandatory custody rules were not in effect. The Immigration Judge concluded that Petitioner was still not eligible for a bond because he was a danger to society and a flight risk. The judge felt it was probable that the respondent would abscond rather than face removal. The Immigration Judge further found that Petitioner's residence and family ties were not significant "in view of the fact that the respondent has been involved in criminal activity shortly after immigrating to the United States and has two convictions since his

entry." The Immigration Judge gave Petitioner individualized consideration regarding whether he should be released on bond and exercised his discretion to deny Mei release on bond. Section § 1226(e) bars judicial review of discretionary decisions regarding detention under that section, and therefore the Court has no jurisdiction to review the propriety of the Immigration Judge's discretionary decision to deny Mei's request to be released on bond.

## V. CONCLUSION

For the foregoing reasons, the Court holds that 8 U.S.C. § 1226(c) is unconstitutional as applied to Petitioner. Petitioner's petition for a writ of *habeas corpus*, however, is DENIED, because as noted above, Petitioner has already received the relief that he requested.

11/18/02
Date

The Honorable William J. Hibbler,
United States District Court